81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie JAMERSON, Petitioner-Appellant,
v.
Odie WASHINGTON, et al., Respondents-Appellees.
 No. 95-2303.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1996.*
Decided March 27, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Willie Jamerson was convicted of murder and sentenced to thirty years' imprisonment. Jamerson sought a writ of habeas corpus, 28 U.S.C. § 2254, claiming the state court erred in two evidentiary rulings. The district court denied the petition and Jamerson appealed. We affirm.
 
 ANALYSIS
 
 2
 Jamerson was convicted of murder in an Illinois state court bench trial and sentenced to thirty years' imprisonment. His conviction and sentence were affirmed[1] on direct appeal, and the Illinois Supreme Court declined review. Jamerson filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, claiming the erroneous admission of testimony by the decedent's neighbor and the decedent's mother deprived him of a fair trial. Jamerson argued that the testimony, which pertained to his tempestuous romantic relationship with the decedent and her intent to end the relationship, prejudiced his defense that the shooting was accidental. The district court denied the petition. Jamerson has raised the substantially the same claims on appeal.[2]
 
 
 3
 A federal habeas court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas is not for the purpose of reviewing state court decisions on state law questions. Id. at 67-8. The admissibility of evidence is generally a matter of state law. Milone v. Camp, 22 F.3d 693, 702 (7th Cir.1994), cert. denied, 115 S.Ct. 720 (1995). Unless the admission of the evidence violated a specific constitutional guarantee, a federal court can only provide habeas relief on the basis of a state court evidentiary ruling when that ruling violated due process by denying the petitioner a fundamentally fair trial. Id. This court has indicated the standard for evaluating such claims is "whether the probative value of the state's evidence was so greatly outweighed by its prejudice to [petitioner] that its admission denied him a fundamentally fair trial." Id. at 702. See also Estelle, 502 U.S. at 70 (due process guarantees the fundamental elements of fairness in a criminal trial). Further, in a habeas proceeding, any trial errors will be deemed harmless unless they had a substantial and injurious effect or influence in determining the verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993) (actual prejudice must be shown).
 
 
 4
 Even if the evidence was erroneously admitted, Jamerson's claims fail because any error was harmless. As noted by the district court, Jamerson's conviction was based on the testimony of several eye-witnesses. The witnesses' accounts indicate that Jamerson and the decedent were quarreling and that Jamerson pulled out a gun, aimed it at the decedent, and fatally shot her in the chest at close range. This evidence overwhelming establishes Jamerson's guilt. Further, the state court completely rejected Jamerson's testimony that the shooting was accidental, finding his account farfetched and physically impossible. In addition, the state court judge apparently only considered the disputed testimony for the limited purpose of evaluating Jamerson's credibility; he had steadfastly maintained that he and the decedent were not romantically involved. As the trial court had already concluded Jamerson's account was incredible, any such evidence regarding credibility would be merely cumulative. The admission of the evidence did not prejudice Jamerson's case or cast doubt on the fairness of his trial.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal will be submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Jamerson challenged the admission of the decedent's neighbor's testimony as hearsay and the decedent's mother's testimony on the grounds that it was not based on personal knowledge. The Illinois appellate court noted the mother's testimony was properly admitted, but did not evaluate the propriety of the neighbor's testimony. The court concluded that, even if the evidence was improperly admitted, any error was harmless
 
 
 [2]
 Jamerson attempts to expand his claims on appeal by adding arguments that the admission of the evidence violated the Confrontation Clause. However, because the Confrontation Clause claims were not raised in the district court, they are waived